UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,                                            CASE NO. 10-cr-20261-KMM

vs.

CARLO DEMARCO,

    Defendant.
_____/

## MOTION FOR DOWNWARD DEPARTURE

    COMES NOW, the Defendant Carlo DeMarco, by and through this undersigned counsel, William A. Clay, and hereby files the instant Motion for Downward Departure. The following is set forth in support of the instant motion:

    1.    The Defendant and undersigned counsel respectfully move for a downward departure on the grounds that the Defendant is highly susceptible to abuse in prison because of the nature of his crime and the nature of his physical and emotional characteristics.

    2.    As reflected in the PSI Report, Carlo De Marco, who will be 35 years old in December 2012, is five feet six inches tall and weighs 152 pounds. Mr. De Marco has also been described by family members in the letters provided to the Court as "very caring" and "harmless." The cases for *Koon v. U.S.*, 518 U.S. 81 (1996) and *U.S. v. Parish*, 308 F. 3d 1025 (9th Cir. 2002) support the instant motion and will be discussed in further detail in the instant motion. Obviously, Mr. De Marco also shares with Mr. Parish the factor that they both are guilty of a child pornography offenses. On these factors, Mr. De Marco's vulnerabilities are at least the same if not more aggravated than Mr. Parish's. Mr. De Marco's susceptibility to abuse is

1

exacerbated by a significant factor that was NOT a factor discussed in the *Parish* case; Mr. De Marco's "extremely high level of [social] anxiety" and historical "inability to interact with others on a significantly high level." Dr. Edward S. Sczechowicz, Jr. (Clinical Director of South Florida Sexual Addictions and Disorders Treatment Center) goes on to specifically state in his Addendum to Psychosexual Evaluation of September 7, 2011, that Mr. De Marco's social anxiety "combined with [his] overall demeanor increases the likelihood of victimization by others in a prison environment." (*See* attached - p. 3 of Addendum to Psychosexual Evaluation – 9/7/11).

3.  Section 5H1.4 of the Federal Sentencing Guidelines provides that "[p]hysical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." This Court has the authority to depart downward under this guideline provision. Mr. De Marco's physical condition and appearance in combination with his psychological disorders and the nature of the offense make a downward departure appropriate in this case. Mr. De Marco suffers from a unique susceptibility to abuse in prison due to the aforementioned factors.

4.  In 1996, the United States Supreme Court affirmed a downward departure for susceptibility to abuse in prison. *Koon v. U.S.*, 518 U.S. 81 (1996). The *Koon* case involved the officers who were guilty of beating Rodney King. The District Court found that the widespread publicity and emotional outrage surrounding the case from the outset made the petitioners particularly likely to be targets of abuse during their incarceration. The Supreme Court affirmed

the District Courts departure on the grounds that "[t]he District Court's conclusion that this factor made the case unusual is just the sort of determination that must be accorded deference by the appellate courts." *Id.* at 111-12. More recently and closer to the facts of the case before this Court, the United States Court of Appeal, Ninth Circuit, affirmed a downward departure for susceptibility of abuse in prison in a child pornography case. *U.S. v. Parish*, 308 F. 3d 1025 (9th Cir. 2002). In the *Parish* case, "[t]he District Court found that Parish was susceptible to abuse in prison because of a combination of factors: his stature, his demeanor, his naivete, [and] the nature of the offense." *Id.* at 1031. Parish was 5'11" and weighed 190 pounds. The Appellate Court commented that at sentencing, there was "considerable testimony about [Parish's] demeanor, including [the psychosexual psychologist's] description of him as 'positive and caring' and the doctor's explanation that these are not good characteristics to have in prison." *Id.* at 1031. Lastly, the Appellate Court considered the District Court's finding that nature of the crime itself increased the susceptibility to abuse in prison and decided that all of the factors taken together made it an individualized determination by the District Court, as opposed to a departure based on mere membership of a class of offenders. In the instant case before the court, the Defendant, Carlo De Marco is also highly susceptible to abuse in prison for the factors considered in *Parish* as well as other factors specific to Mr. De Marco.

5. The Defendant and undersigned counsel do hereby incorporate by reference the contents of the Defendant's Sentencing Memorandum (Document #76) and attachments thereto into the instant motion.

6. The Defendant and undersigned counsel will also be urging that the instant ground for downward departure also constitutes a ground for variance downward from the

3

sentencing guideline range. The Defendant's Sentencing Memorandum sets forth additional downward variance grounds and rationales.

7. **Certificate of Compliance with Local Rule 88.9**: Undersigned counsel has discussed the instant motion with Government counsel, AUSA Sharad Motiani, and the Government is considering the ground set forth in the Defendant's Motion for Downward Departure and has not yet decided on a position referenced the said motion.

WHEREFORE, predicated upon the foregoing, the Defendant and undersigned counsel respectfully request this Court to grant the instant motion for downward departure from the U.S. Sentencing Guidelines range as reflected in the PSI Report.

Respectfully submitted,

*/s/ William A. Clay*
WILLIAM A. CLAY, ESQUIRE
Counsel for Carlo de Marco
BILL CLAY, P.A.
Florida Bar No. 155102
11440 North Kendall Drive
Penthouse 400
Miami, Florida  33176
Bill@billclaypa.com
(305) 595-0866/phone
(305) 595-9732/fax

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on AUSA Sharad Motiani, U.S. Attorney's Office, 99 NE 4th Street, Miami, FL  33132, via transmission of Notices of Electronic Filing generated by CM/ECF and, Pursuant to 31(6) in the Administrative Procedures, emailed the proposed Order to the Judge.

*/s/ William A. Clay*

                WILLIAM A. CLAY, ESQUIRE